UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HERBERT HUBER, | No. 2:16-cv-2711 TLN CKD PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND |
| JEFF PAXTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,
3 490 U.S. at 327.

4 In order to avoid dismissal for failure to state a claim a complaint must contain more than
5 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6 of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words,
7 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
9 upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct.
12 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416
15 U.S. 232, 236 (1974).

16 In this action, plaintiff alleges claims under 42 U.S.C. § 1983 arising out of his arrest and
17 subsequent prosecution on a criminal charge under California Penal Code § 148(a). Plaintiff's
18 claims surrounding his arrest on December 9, 2013 are barred under <u>Heck v. Humphrey</u>, 512 U.S.
19 477 (1994). In <u>Heck</u>, the United States Supreme Court held that a suit for damages on a civil
20 rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be
21 maintained absent proof "that the conviction or sentence has been reversed on direct appeal,
22 expunged by executive order, declared invalid by a state tribunal authorized to make such
23 determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
24 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486. Under <u>Heck</u>, the court is required to determine whether
25 a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.
26 <u>Id</u>. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction
27 or sentence has been invalidated.
28 /////

The legal elements of a violation of section 148 of the California Penal Code are as follows: "(1) the defendant willfully resisted, delayed or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or should have known that the other person was a peace officer engaged in the performance of his or her duties." Yount v. City of Sacramento, 43 Cal. 4th 885, 894-895 (2008) (citations omitted).

> An officer cannot be engaged in the lawful performance of her duties if she is subjecting an arrestee to excessive force. See People v. Olguin, 119 Cal. App. 3d 39, 44 (1981) ("Since the officer must be acting in the performance of his duty, the use of excessive force renders it impossible for an arrestee to violate section 148."); People v. White, 101 Cal. App. 3d 161 (1980) (same); cf. People v. Delahoussaye, 213 Cal. App. 3d 1, 7 (1989) ("A peace officer is not 'engaged in the performance of his or her duties' within the meaning of [certain California statutes closely related to section 148] if he arrests a person unlawfully or uses excessive force in making the arrest.").

Nuno v. County of San Bernardino, 58 F. Supp. 2d 1127, 1133 (9th Cir. 1999).

Plaintiff alleges that he was convicted of California Penal Code § 148(a) as a result of his arrest on December 9, 2013. Plaintiff also alleges that his appeal ended on November 15, 2015, but does not allege that his conviction has been invalidated. To obtain a conviction on California Penal Code § 148(a), the defendant officer must, as a matter of law, have been lawfully performing his duties when he detained and arrested plaintiff. Nuno, 58 F.Supp.2d at 1133; see also Heck, 512 U.S. 487 n.6 (in order to prevail on a § 1983 action, plaintiff would have to negate an element of the offense of which he had been convicted).

Thus, plaintiff's civil rights claims that defendant used excessive force during the arrest, that he was subjected to false arrest and unlawful search and seizure, and his conspiracy claims related thereto, all implicate the validity of his conviction because each would require a finding that an officer or officers acted unlawfully. Thus, these civil rights claims revolving around his December 9, 2013 arrest implicate the validity of plaintiff's conviction, and plaintiff has not shown that the conviction has been invalidated. Plaintiff's claims are therefore barred under Heck v. Humphrey, supra, and should be dismissed without prejudice so plaintiff may reassert his claims if he later succeeds in invalidating his conviction. See Trimble v. City of Santa Rosa, 49 F. 3d 583, 584 (9th Cir. 1995).

1   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to
2   proceed in forma pauperis (ECF No. 2) is granted; and
3   IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.
4   These findings and recommendations are submitted to the United States District Judge
5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6   after being served with these findings and recommendations, any party may file written
7   objections with the court and serve a copy on all parties.  Such a document should be captioned
8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
10  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 huber2711.ifp.heck.57